UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANGEL A. SANTOS,
and other similarly-situated individuals,

    Plaintiff,

v.

WILLIAM LAROQUE INSTALLERS, INC.
a/k/a W.L. INSTALLERS, INC.
and WILLIAM LAROQUE, individually

    Defendants,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANGEL A. SANTOS and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants WILLIAM LAROQUE INSTALLERS, INC. a/k/a W.L. INSTALLERS, INC. and WILLIAM LAROQUE, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages, and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ANGEL A. SANTOS is a resident of Miami-Dade County, Florida. Plaintiff was a covered employee for purposes of the Act.

3. Defendant WILLIAM LAROQUE INSTALLERS, INC. a/k/a W.L. INSTALLERS, INC. (hereinafter LAROQUE INSTALLERS) is a Florida corporation doing business in Miami-Dade County within the jurisdiction of this Court. At all times material, hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant WILLIAM LAROQUE was and is now, owner/president/general manager of LAROQUE INSTALLERS. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants retaliatory damages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after March 2014, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant LAROQUE INSTALLERS is a company providing services to the warehousing industry. Defendant sells and installs pallet racks, conveyor

systems, and all kind of warehouse's fixture and equipment. Defendant also offers related services such as removal, storage, and selling of used warehouse equipment.

8. Defendants LAROQUE INSTALLERS and WILLIAM LAROQUE employed Plaintiff ANGEL A. SANTOS as technician/installer from approximately January 1998, through September 23, 2016, or more than 18 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 131 weeks.

9. Plaintiff was a non-exempt, full-time employee working more than 40 hours in a week period. Plaintiff was paid a salary of $1,500.00 per week. Approximately on or about September 2016, Defendants changed Plaintiff's method of payment, and he became and hourly employee, with an hourly rate of $22.00 an hour.

10. Plaintiff worked under the supervision of WILLIAM LAROQUE and other supervisor.

11. While employed with Defendants Plaintiff worked regularly 5 days per week from Monday to Friday, and from 7:00 AM to 5:30 PM, which represents 10 hours daily or 50 hours weekly. Plaintiff has already deducted 2.5 hours of lunch break.

12. In addition, during the relevant period of employment, Plaintiff worked for many weeks in projects located out of State. During those periods, Plaintiff worked weeks of 68 and 70 hours weekly.

13. Plaintiff worked in excess of 40 hours weekly regularly. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

14. Therefore, Defendants LAROQUE INSTALLERS and WILLIAM LAROQUE failed to pay Plaintiff ANGEL A. SANTOS overtime according to the provisions of the Fair Labor Standards Act. (FLSA).

15. Plaintiff ANGEL A. SANTOS seeks to recover overtime wages that were never paid to him at the mandatory rate of time and a half his regular rate, liquidated damages and any other relief as allowable by law.

16. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

17. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

18. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. Defendant LAROQUE INSTALLERS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant sells and installs warehouse equipment to out of State company.

Page **4** of **10**

Defendant employed more than two employees engaged in interstate commerce. Through its business activity, Defendant affects interstate commerce. At all times, pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

20. Plaintiff worked as a technician/installer of warehousing's fixture and equipment and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he crossed State lines to perform his work. Plaintiff was engaged in activities which are closely related and directly essential to the production of goods/services for interstate commerce. Plaintiff's activities were directed to the operations of facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

21. Defendants LAROQUE INSTALLERS and WILLIAM LAROQUE employed Plaintiff ANGEL A. SANTOS as installers from approximately January 1998, through September 23, 2016, or more than 18 years. However, for FLSA'S purposes, the relevant period of employment is 131 weeks.

22. Plaintiff was a full-time employee working more than 40 hours in a week period. Plaintiff was paid a salary of $1,500.00 per week. Approximately on or about September 2016, Defendants changed Plaintiff's method of payment, and he became and hourly employee with an hourly rate of $22.00 an hour.

23. While employed with Defendants Plaintiff worked regularly 5 days per week from Monday to Friday, and from 7:00 AM to 5:30 PM, which represents 10 hours daily or 50 hours weekly. Plaintiff has already deducted 2.5 hours of lunch break.

24. In addition, during the relevant period of employment, Plaintiff worked in projects located out of State many weeks of 68 and 70 hours weekly.

25. Plaintiff worked in excess of 40 hours weekly regularly. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

26. Therefore, during his time of employment with Defendants Plaintiff worked in excess of 40 hours. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate, according to the provisions of the Fair Labor Standards Act. (FLSA).

27. Plaintiff did not punched in and out, and he was paid weekly with checks accompanied by paystubs without any information regarding the number of hours worked.

28. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

29. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

30. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Plaintiff has not included calculations for overtime hours worked on September 2016.

   a. <u>Total amount of alleged unpaid wages</u>:

   Twenty-Two Thousand Five Hundred Sixty-Nine Dollars and 40/100 ($22,569.40)

   b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment: 131 weeks
   Paid: $1,500 weekly.

   **1.- Overtime for 2014 = 41 weeks**
     i. Total number of weeks: 39 weeks
        Total number of hours worked: 50 hours weekly
        Total number of overtime hours: 10 hours
        Paid: $1,500.00 weekly:50 hours=$30.00 an hour
        $30.00 :2 = $15.00 half-time

   Half-time O/T $15.00 x 10 hours=$150.00 x 39 weeks=$5,850.00

     ii. Overtime for 2 weeks in March 2014, worked out of State
         Total number of weeks: 2 weeks
         Total number of hours worked: 70 hours weekly
         Total number of overtime hours: 30 hours
         Paid: $1,500.00 weekly:70 hours=$21.43 an hour
         $21.43:2 = $10.71 half-time

Half-time O/T $10.71 x 30 hours=$321.30 x 2 weeks=$642.60

**2.- Overtime 2015 = 52 weeks**
  i. Total number of weeks: 32
     Total number of hours worked: 50 hours weekly
     Total number of overtime hours: 10 hours
     Paid: $1,500.00 weekly:50 hours=$30.00 an hour
     $30.00:2 = $15.00 half-time

  Half-time O/T $15.00 x 10 hours=$150.00 x 32 weeks=$4,800.00

  ii. Overtime for 20 weeks, worked out of State April-August 2015
      Total number of weeks: 20 weeks
      Total number of hours worked: 68 hours weekly
      Total number of overtime hours: 28 hours weekly
      Paid: $1,500.00 weekly:68 hours=$22.06 an hour
      $22.06:2 = $11.03 half-time

  Half-time O/T $11.03 x 28 hours=$308.84 x 20 weeks=$6,176.80

**3.- Overtime 2016 = 34 weeks (from 1/1/2016 to 8/30/2016)**
  Total number of weeks: 34
  Total number of hours worked: 50 hours weekly
  Total number of overtime hours: 10 hours
  Paid: $1,500.00 weekly:50 hours=$30.00 an hour
  $30.00:2 = $15.00 half-time

  Half-time O/T $15.00 x 10 hours=$150.00 x 34 weeks=$5,100.00

  Total 1, 2, and 3: $22,569.40

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid half-time overtime.

32. At all times material, hereto, the Employer/Defendant LAROQUE INSTALLERS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant LAROQUE INSTALLERS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

34. At the times mentioned, individual Defendant WILLIAM LAROQUE was and is now, the owner and general manager of LAROQUE INSTALLERS. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of LAROQUE INSTALLERS in relation to the employees of LAROQUE INSTALLERS, including Plaintiff and others similarly situated. Defendant WILLIAM LAROQUE had financial and operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

35. Defendants LAROQUE INSTALLERS and WILLIAM LAROQUE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and remain owing Plaintiff these overtime wages, as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANGEL A. SANTOS and those similarly-situated respectfully

requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants LAROQUE INSTALLERS and WILLIAM LAROQUE, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ANGEL A. SANTOS actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANGEL A. SANTOS and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: March 20, 2017

                                              Respectfully submitted,

                                              By: **/s/ Zandro E. Palma**
                                              ZANDRO E. PALMA, P.A.
                                              Florida Bar No.: 0024031
                                              9100 S. Dadeland Blvd.
                                              Suite 1500
                                              Miami, FL 33156
                                              Telephone: (305) 446-1500
                                              Facsimile: (305) 446-1502
                                              zep@thepalmalawgroup.com
                                              *Attorney for Plaintiff*